IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| vs. | § § § § § | CASE NO. 4:12CR181-ALM |
| JENNIFER LYNN LOGGINS (28) | § § | |

## REPORT AND RECOMMENDATION
## ON REVOCATION OF SUPERVISED RELEASE

On June 13, 2018, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Frank Coan. Defendant was represented by Assistant Federal Defender Ken Hawk.

*Background*

After pleading guilty to the offense of Conspiracy to Distribute and Possess with Intent to Distribute Fifty (50) Grams or More of Methamphetamine, a Class B felony, Jennifer Lynn Loggins ("Defendant") was sentenced on March 11, 2015 by United States District Judge Richard A. Schell. This offense carried a statutory maximum imprisonment term of 40 years. The guideline imprisonment range, based on a total offense level of 27 and a criminal history category of V, was 120 to 150 months. After accepting Defendant's FED.R.CIV.P. 11(c)(1)(1) plea agreement, Judge Schell sentenced Defendant to 72 months of imprisonment followed by a 4-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, drug testing and treatment, mental health treatment and a $100 special

assessment. Defendant received a sentence reduction to 60 months of imprisonment on April 29, 2016.

On December 30, 2016, Defendant completed her term of imprisonment and began service of the supervision term. The case was then re-assigned to United States District Judge Amos Mazzant on August 12, 2016. On November 14, 2017, Defendant's conditions of supervised release were modified to include 180 days of halfway house placement.

*Allegations*

In the petition seeking to revoke Defendant's supervised release, filed on May 29, 2018, United States Probation Officer Ben Sanders alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (standard condition 7)**: **The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician**. It is alleged that Defendant submitted urine specimens that tested positive for cocaine on March 2, 2017, and November 21, 2017. It is further alleged that Defendant submitted urine specimens that tested positive for methamphetamine on July 5, 2017, and November 21, 2017. On October 20, 2017, Defendant allegedly admitted to using methamphetamine several days prior.

2. **Allegation 2 (standard condition 7)**: **The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician**. It is alleged that on March 6, 2017, Defendant admitted to consuming alcohol to excess on or about February 28, 2017.

3. **Allegation 3 (special condition): You shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of U.S. Probation Office, until such time as Defendant is released from the program by the probation officer.** It is alleged that Defendant failed to report for the random drug testing program on October 18, 2017.

4. **Allegation 4 (special condition): The defendant must reside in a residential reentry center or similar facility, in a community corrections component for a period of 180 days to commence immediately. While at said facility, the defendant shall observe the rules and regulations of the center and not be required to pay subsistence according to the Community Corrections Center or Community Sanctions Center.** It is alleged that Defendant was unsuccessfully discharged from County Rehabilitation Center on May 7, 2018, after she refused to provide a urine sample.

5. **Allegation 5 (special condition): You shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of U.S. Probation Office, until such time as Defendant is released from the program by the probation officer.** It is alleged that, according to staff at County Rehabilitation Center, the defendant created a disturbance on May 8, 2018, after leaving her counseling session with Sherry Young. It was reported she yelled expletives across the parking lot after seeing a staff member. The director of County Rehabilitation Center informed the U.S. Probation Office that Ms. Loggins is no longer allowed on the property. As such, she was unsuccessfully discharged from treatment.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class B felony. Accordingly, the maximum sentence the Court may impose is 3 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated her conditions of supervised release by possessing cocaine and methamphetamine as alleged in the petition, she is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was V. The Guidelines, therefore, provide that Defendant's guideline range for a Grade B violation is 18 to 24 months of imprisonment. U.S.S.G. § 7B1.4(a).

The remaining allegations in the petition are Grade C violations. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of V, the guidelines provide that Defendant's guideline range for a Grade C violation is 7 to 13 months of imprisonment. U.S.S.G. § 7B1.4(a). The grade of the violation having the most serious grade is used to determine the guideline range when there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense. U.S.S.G. § 7B1.1(b).

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir.1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir.1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

*Hearing*

On June 13, 2018, Defendant appeared for a preliminary hearing and detention hearing. Assistant Federal Defender Ken Hawk announced that Defendant executed written waivers of those hearings. The parties then announced that they reached an agreement for Defendant to enter a plea of true to Allegation 4 in the petition and to jointly request a sentence of 7 months of imprisonment to be followed by 2 years of supervised release. After the Court explained to Defendant her right to a revocation hearing, she waived her right to a revocation hearing and entered a plea of "true" to Allegation 4 in the petition. Defendant requested a recommendation to the Bureau of Prisons to confine her at FCI Ft. Worth to facilitate family visitation or, alternatively, FCI Bryan.

*Findings and Conclusions*

I find that Defendant is competent and that her plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 4 in the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that she should be sentenced to 7 months of imprisonment to be followed by 2 years of supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

**RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 4 in the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 7 months of imprisonment to be followed

by 2 years of supervised release. Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FCI Ft. Worth or, alternatively, FCI Bryan.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of her right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for her to be sentenced to 7 months of imprisonment to be followed by 2 years of supervised release.

So ORDERED and SIGNED this 13th day of June, 2018.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE